**SA**

Jan 3, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 13-80001-CR-MARRA/MATTHEWMAN

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1014
18 U.S.C. § 2

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN ANTONARAS,
BASIL MANGRA,
MICHAEL MANGRA,
DAVID DEMAYO,
     a/k/a David Allen Kopecki, and
WAHIDUR SIKDER,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    N. Saddi Inc. was a business incorporated in the state of Florida and located in Ft. Lauderdale, Florida. N. Saddi Inc. provided assistance to businesses and individuals seeking personal and business loans and lines of credit.

2.    Co-conspirator Naveen Saddi was the true owner of N. Saddi Inc. Saddi directed N. Saddi Inc.'s day-to-day operations and controlled its finances.

3.    **JOHN ANTONARAS** was an accountant who prepared income tax

returns, profit and loss statements, and other financial documents for clients of N. Saddi Inc.

4.      **BASIL MANGRA** and **MICHAEL MANGRA,** on behalf of Basil Mangra M.D., P.A., and **DAVID DEMAYO,** on behalf of Omni Exchange LLC, sought assistance from N. Saddi Inc. with obtaining loans and lines of credit.

5.      **WAHIDUR SIDKER,** a client of **JOHN ANTONARAS,** referred clients to **JOHN ANTONARAS** in return for a commission.

6.      Commerce Bank (now TD Bank, N.A.), Regions Bank, N.A., and Bank of America, N.A., were financial institutions whose accounts were insured by the Federal Deposit Insurance Corporation.    These financial institutions provided personal and business lines of credit to qualified borrowers.

<u>COUNT 1</u>
**(Conspiracy to Commit Bank Fraud:  18 U.S.C. § 1349)**

7.      Paragraphs  1 through 6 of the General Allegations section of this Indictment are realleged and incorporated as though fully set forth herein.

8.      From at least as early as in or about September 2008, and continuing through in or about January 2009, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS,**
**BASIL MANGRA,**
**MICHAEL MANGRA,**
**DAVID DEMAYO,**
**a/k/a David Allen Kopecki, and**
**WAHIDUR SIKDER,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to execute, and cause the

execution of, a scheme and artifice to defraud financial institutions, that is, Commerce Bank, Regions Bank, N.A., and Bank of America, N.A., and to obtain any of the moneys, funds, assets and other property owned by and under the custody and control of said financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## PURPOSE OF THE CONSPIRACY

9.     It was the purpose and object of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by (a) preparing and submitting to financial institutions false and fraudulent loan and line of credit applications, and supporting financial documents, (b) paying kickbacks to a bank officer in order to facilitate the processing and approval of the fraudulent loans and  lines of credit, (c) collecting substantial fees from clients in return for these services and distributing the fees among the defendants and their co-conspirators, and (d) distributing the fraudulently obtained loan proceeds to the defendants and their co-conspirators.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the  conspiracy included, but were not limited to, the following:

10.     Naveen Saddi operated N. Saddi Inc., which assisted businesses and individuals with obtaining personal and business loans and lines of credit.  To induce clients to use N. Saddi Inc.'s services, Saddi represented that he had connections with

bankers who would assist him with getting hundreds of thousands of dollars in loans and/or lines of credit for his clients.

11.     Most of the clients who sought assistance from N. Saddi Inc. lacked the income, credit scores, and/or collateral to qualify for legitimate loans or lines of credit. Saddi promised these clients that he could obtain loans and/or lines of credit for them by falsifying the financial information submitted to the bank to make it appear as if the clients were qualified, when in fact they were not.

12.     To take advantage of N. Saddi Inc.'s services, the clients, including **BASIL MANGRA**, **MICHAEL MANGRA**, and **DAVID DEMAYO**, were required to pay Saddi a fee, typically ranging from 10% to 20% of the loan, which was usually paid after the loan or line of credit was funded by the bank.

13.     Saddi sought the services of **JOHN ANTONARAS** to prepare and create false and fraudulent financial documents, including personal income tax returns, S Corporation tax returns, profit and loss statements and other financial documents, in support of the clients' loan and/or line of credit applications. These documents falsely reported the clients' income and assets making them appear to be qualified for loans and/or lines of credit, when in fact they were not.

14.     **WAHIDUR SIKDER** referred **BASIL MANGRA** and **MICHAEL MANGRA** to **JOHN ANTONARAS,** who thereafter referred the **MANGRA**s to N. Saddi Inc., to obtain loans. ~~SIDKER~~ *Sikder (CA)* was paid a commission in return for the referral.

15.     In all instances, the fraudulent loan and line of credit applications were in the name of the client or the client's business.  In the case of the **MANGRA**s,

the loans were in the name of Basil Mangra M.D., P.A.   Because **BASIL MANGRA** did not have good credit, prior to submitting the loan applications, he added the name of his brother **MICHAEL MANGRA,** who had good credit, to the business' corporate documents.

16.   Saddi informed the clients, including **BASIL MANGRA**, **MICHAEL MANGRA**, and **DAVID DEMAYO**,   that false information would be used to complete the fraudulent loan applications which were thereafter submitted to the banks.

17.   Saddi submitted the fraudulent loan and credit applications to collusive bank officers who agreed to facilitate their processing in return for cash kickbacks.

18.   In most instances, the fraudulent loan and line of credit applications were approved by the bank. The clients, including **BASIL MANGRA**, **MICHAEL MANGRA** and **DAVID DEMAYO**, would then take possession of the loan proceeds and withdraw funds against the lines of credit.   In most instances, the clients were not able to repay the loans and/or lines of credit, which resulted in substantial losses to the banks.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

19.   Paragraphs 1 through 4 and  6 of the General Allegations section and paragraphs 9 through 13 and 16 through 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20.   On or about September 18, 2008, in Palm Beach County, in the Southern

District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS and
DAVID DEMAYO,
a/k/a David Allen Kopecki,**

knowingly made false statements for the purpose of influencing the actions of Commerce Bank, in connection with an application for a $250,000 loan, that is, the defendants falsely stated and caused to be stated on a loan application submitted to Commerce Bank that Omni Exchange LLC had gross sales of $2,589,556 and $275,000 cash on hand, that **DAVID DEMAYO** had gross income of $635,496 during tax year 2006 and $694,445 during tax year 2007, that Omni Exchange LLC had a net worth of $780,000, that the loan proceeds would be used for working capital, and that the 2006 and 2007 Internal Revenue Forms 1040 for **DAVID DEMAYO** and the 2006 Internal Revenue Form 1120S for Omni Exchange LLC attached to the loan application were filed with the United States Internal Revenue Service and were a true reflection of income and expenses, when in truth and in fact, as the defendants well knew, Omni Exchange LLC did not have gross sales of $2,589,556 and $275,000 cash on hand, **DAVID DEMAYO** did not have gross income of $635,496 during tax year 2006 and gross income of $694,445 during tax year 2007, Omni Exchange LLC did not have a net worth of $780,000, the loan proceeds would not be used as working capital, and the 2006 and 2007 Internal Revenue Forms 1040 for **DAVID DEMAYO** and the 2006 Internal Revenue Form 1120S for Omni Exchange LLC were not filed with the United States Internal Revenue Service and were not a true reflection of the income and expenses.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 3
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

21.     Paragraphs 1 through 4 and  6 of the General Allegations section and paragraphs 9 through 13 and 16 through 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

22.     On or about December 10, 2008, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS and
DAVID DEMAYO,
a/k/a David Allen Kopecki,**

knowingly made false statements for the purpose of influencing the actions of Regions Bank, in connection with an application for a $300,000 line of credit, that is, the defendants falsely stated and caused to be stated on a line of credit application submitted to Regions Bank that Omni Exchange LLC had investable assets of $1,500,000 and a net worth of $5,000,000, that in 2007 **DAVID DEMAYO** had a gross income of $694,445, that **DAVID DEMAYO** possessed an E-Trade Securities Account worth $1,528,265.31, that the line of credit proceeds would be used for working capital, and that the 2006 Internal Revenue Form 1040 for **DAVID DEMAYO** and the 2006 and 2007 Internal Revenue Forms 1120S for Omni Exchange LLC attached to the line of credit application were filed with the United States Internal Revenue Service and were a true reflection of income and expenses, when in truth and in fact, as the defendants well knew, Omni Exchange LLC did not have investable assets of $1,500,000 and a net worth of $5,000,000, **DAVID DEMAYO** did not have gross income of $694,445 in 2007, **DAVID DEMAYO** did not possess an E-Trade Securities Account worth $1,528,265.31, the line of credit proceeds would not be used for working capital and the 2006 Internal

Revenue Forms 1040 for **DAVID DEMAYO** and the 2006 and 2007 Internal Revenue Forms 1120S for Omni Exchange LLC were not filed with the United States Internal Revenue Service and were not a true reflection of the income and expenses.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 4
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

23.     Paragraphs 1 through 6 of the General Allegations section and paragraphs 9 through 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.     Between on or about December 17, 2008, through January 22, 2009, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS,**
**BASIL MANGRA,**
**MICHAEL MANGRA, and**
**WAHIDUR SIKDER,**

knowingly made false statements for the purpose of influencing the actions of Regions Bank, in connection with an application for a $400,000 line of credit, that is, the defendants falsely stated and caused to be stated on a line of credit application submitted to Regions Bank that Basil Mangra M.D., P.A. was a medical practice of which 85% was owned by Dr. **MICHAEL MANGRA**, that **MICHAEL MANGRA** had investable assets of $1,500,000, a net worth of $5,000,000 and annual income of $573,190 from employment at Basil Mangra M.D., P.A., and that the 2006 and 2007 Internal Revenue Forms 1040 for **MICHAEL MANGRA** and 2006 and 2007 Internal Revenue Forms 1120S for Basil Mangra M.D., P.A. attached to the loan application were filed with the United States Internal Revenue Service and were a true reflection of income and

expenses, when in truth and in fact, as the defendants well knew, **MICHAEL MANGRA** did not own any portion of Basil Mangra M.D., P.A. and was not a medical doctor, **MICHAEL MANGRA** did not possess investable assets of $1,500,000, a net worth of $5,000,000, and an annual income of $573,190 from employment at Basil Mangra M.D., P.A., and the 2006 and 2007 Internal Revenue Forms 1040 for **MICHAEL MANGRA** and the 2006 and 2007 Internal Revenue Form 1120S for Basil Mangra M.D., P.A. were not filed with the United States Internal Revenue Service and were not a true reflection of the income and expenses.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 5
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

25.     Paragraphs 1 through 4 and  6 of the General Allegations section and paragrphs 9 through 13 and 16 through 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26.     On or about January 26, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS and
DAVID DEMAYO,
a/k/a David Allen Kopecki,**

knowingly made false statements for the purpose of influencing the actions of Bank of America, N.A., in connection with an application for a $250,000 line of credit, that is, the defendants falsely stated and caused to be stated on a line of credit application submitted to Bank of America, N.A. that in 2008 Omni Exchange LLC had gross sales of $2,964,528.11 and a net income of $1,110,780.98, that **DAVID DEMAYO** had gross income of $635,496 in 2006 and $694,445 in 2007, and that the 2006 and 2007 Internal

Revenue Forms 1040 for **DAVID DEMAYO** and the 2007 Internal Revenue Form 1120S for Omni Exchange LLC attached to the loan application were filed with the United States Internal Revenue Service and were a true reflection of income and expenses, when in truth and in fact, as the defendants well knew, in 2008 Omni Exchange LLC did not have gross sales of $2,964,528.11 and net income of $1,110,780.98, **DAVID DEMAYO** did not have gross income of $635,496 in 2006 and $694,445 in 2007, and that the 2006 and 2007 Internal Revenue Forms 1040 for **DAVID DEMAYO** and the 2007 Internal Revenue Form 1120S Omni Exchange LLC were not filed with the United States Internal Revenue Service and were not a true reflection of the income and expenses.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 6
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

27.     Paragraphs 1 through 6 of the General Allegations section and paragraphs 9 through 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28.     On or about January 26, 2009, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOHN ANTONARAS,**
**BASIL MANGRA,**
**MICHAEL MANGRA, and**
**WAHIDUR SIKDER,**

knowingly made false statements for the purpose of influencing the actions of Commerce Bank, in connection with an application for a $250,000 loan, that is, the defendants falsely stated and caused to be stated on a loan application submitted to

Commerce Bank that Basil Mangra M.D., P.A. was a medical practice of which 85% was owned by **MICHAEL MANGRA**, that **MICHAEL MANGRA** had $100,000 cash on hand, a net worth of $2,000,000 and annual income of $550,000 from employment at Basil Mangra M.D., P.A., and that the 2007 Internal Revenue Form 1040 for **MICHAEL MANGRA** and 2006 and 2007 Internal Revenue Forms 1120S for Basil Mangra M.D., P.A. attached to the loan application were filed with the United States Internal Revenue Service and were a true reflection of income and expenses, when in truth and in fact, as the defendants well knew, **MICHAEL MANGRA** did not own any portion of Basil Mangra M.D., P.A., **MICHAEL MANGRA** did not have $100,000 cash on hand, a net worth of $2,000,000 and an annual income of $550,000 from employment at Basil Mangra M.D., P.A., and the 2007 Internal Revenue Form 1040 for **MICHAEL MANGRA** and the 2006 and 2007 Internal Revenue Forms 1120S for Basil Mangra M.D., P.A. were not filed with the United States Internal Revenue Service and were not a true reflection of the income and expenses.

All in violation of Title 18, United States Code, Sections 1014 and 2.

A True Bill

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

JOHN ANTONARAS, et al

                    **Defendants.** _____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | | |
|---|---|---|---|---|
| ____ | Miami | ____ | Key West | |
| ____ | FTL | _X_ | WPB | ____ FTP |

New Defendant(s)              Yes _____   No _____
Number of New Defendants
Total number of counts               _____

I do hereby certify that:

1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:     (Yes or No)     No
   List language and/or dialect _____

4.     This case will take     8     days for the parties to try.

5.     Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | (Check only one) | |
   |---|---|---|---|
   | I | 0 to 5 days | Petty | |
   | II | 6 to 10 days      X | Minor | |
   | III | 11 to 20 days | Misdem. | |
   | IV | 21 to 60 days | Felony      X | |
   | V | 61 days and over | | |

6.     Has this case been previously filed in this District Court?  (Yes or No)
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)     No

7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003?     Yes     X     No

8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     Yes     X     No

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### **BOND RECOMMENDATION**

DEFENDANT: JOHN ANTONARAS _____

$100,000 Corporate Surety with nebbia _____

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   ELLEN L. COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   S/A Daniel J. Szczepanski _____

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: <u>BASIL MANGRA</u> _____

<u>$100,000 Personal Surety co-signed by family member</u>

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   ELLEN L. COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   <u>S/A Daniel J. Szczepanski</u>

(FBI)   (SECRET SERVICE)   (DEA)   (IRS) (ICE) (**OTHER**)

Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: MICHAEL MANGRA _____

$100,000 Personal Surety co-signed by wife _____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ELLEN L. COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   S/A Daniel J. Szczepanski _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: <u>DAVID DEMAYO</u>_____

      <u>$100,000 Personal Surety co-signed by wife</u>_____
      (Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

      AUSA:   ELLEN L. COHEN

Last Known Address: _____

                    _____

                    _____

What Facility:      _____

                    _____

Agent(s):      <u>S/A Daniel J. Szczepanski</u>_____
          (FBI)  (SECRET SERVICE)  (DEA)  (IRS) (ICE) (<u>**OTHER**</u>)
          Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: WAHIDUR SIKDUR _____

$25,000 Corporate Surety with nebbia _____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ELLEN L. COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   S/A Daniel J. Szczepanski _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Federal Bureau of Investigation

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  **JOHN ANTONARAS,**

**Case No**: _____

Count  #: 1

  Conspiracy to Commit Bank Fraud

   Title 18 U.S.C. § 1349

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine or twice the gross value of the gross loss or gain from the crime, whichever is greater

Counts  #: 2 - 6

  False Statements on a Loan Application to a Financial Institution

   Title 18 U.S.C. § 1014

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine or twice the gross value of the gross loss or gain from the crime, whichever is greater

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   **BASIL MANGRA,**

Case No: _____

Count  #: 1

  Conspiracy to Commit Bank Fraud

   Title 18 U.S.C. § 1349

* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
                   or twice the gross value of the gross loss or gain from the crime, whichever is greater

Counts  #: 4 and 6

  False Statements on a Loan Application to a Financial Institution

   Title 18 U.S.C. § 1014

* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
                   or twice the gross value of the gross loss or gain from the crime, whichever is greater

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:  MICHAEL MANGRA,**

**Case No:** _____

Count #: 1

 Conspiracy to Commit Bank Fraud

  Title 18 U.S.C. § 1349

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
                or twice the gross value of the gross loss or gain from the crime, whichever is greater

Counts #: 4 and 6

 False Statements on a Loan Application to a Financial Institution

  Title 18 U.S.C. § 1014

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
                or twice the gross value of the gross loss or gain from the crime, whichever is greater

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   **DAVID DEMAYO, a/k/a "David Allen Kopecki"**

**Case No**: _____

Count  #: 1

  Conspiracy to Commit Bank Fraud _____

    Title 18 U.S.C. § 1349 _____

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
 _____ or twice the gross value of the gross loss or gain from the crime, whichever is greater

Counts  #: 2, 3, 5

  False Statements on a Loan Application to a Financial Institution _____

    Title 18 U.S.C. § 1014 _____

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
 _____ or twice the gross value of the gross loss or gain from the crime, whichever is greater

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   **WAHIDUR SIKDER**

**Case No**: _____

Count #: 1

  Conspiracy to Commit Bank Fraud

   Title 18 U.S.C. § 1349

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
               or twice the gross value of the gross loss or gain from the crime, whichever is greater

Counts #: 4 and 6

  False Statements on a Loan Application to a Financial Institution

   Title 18 U.S.C. § 1014

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $250,000 Fine
               or twice the gross value of the gross loss or gain from the crime, whichever is greater

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**